OTIS AYER, Plaintiff in Error, vs. THEODORE TERMATT, Defendant in Error.

ERROR TO THE DISTRICT COURT OF LE SUEUR COUNTY.

In an action brought to compel the re-assignment of two notes and mortgages given to secure the same, and for general relief, a decree was entered, dated March 4th, and filed March 9th, 1861, granting the relief prayed for, and referring the cause to the Clerk of the Court to ascertain and report to the Court what payments had been made on the notes, &c., and that upon the coming in of his report, the Plaintiff have execution, &c. A writ of error was sued out on the 4th day of June, 1862. *Held*, that the decree was the final judgment of the Court upon the rights of the Plaintiff, and that the writ was not sued out within the year proscribed by statute. Writ dismissed.

PAULDING & AUSTIN, Counsel for Plaintiff in Error.

A. F. DE LAVERGNE, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.—Motion to dismiss writ of error. The action was brought to compel the re-assignment to Plaintiff of two promissory notes, and the mortgages given to secure the same. The bill also contained a prayer for general relief.

The Plaintiff obtained a decree in the action, granting the relief prayed for in his complaint, and also providing that it be referred to the Clerk of the Court, to ascertain and report to the Court what payments, if any, had been made to the Defendant upon the notes while the same were in his hands, and that upon the coming in of his report and the confirmation thereof, the Plaintiff have execution for any amount so found by the clerk. The decree is dated March 4th, 1861, and filed March 9th, 1861. The writ of error was sued out the 4th day of June, 1862. The motion is made upon the ground that the writ is not taken within the time prescribed by statute.

The only point that can give rise to any doubt as to wheth-

er this motion should be granted, is raised by the reference in the decree to the clerk to ascertain and report payments made upon the notes. We are of opinion, however, that the decree in this action is the final judgment of the Court therein, and that nothing further remained for the Court to do in the premises. The decree was the judgment of the Court upon the rights of Plaintiff, and fully passed upon his demands, as set forth in his complaint. There is nothing said in the complaint as to the payments received by Defendant on these notes, and it was only incidental to the main issue. The statute provides that no writ of error shall be issued after the expiration of one year from the time of the rendition of the judgment to which it refers. In *Furlong vs. Griffin & Fullerton*, 3 *Minn.*, 207, we held that the statute had reference to the time of making the decision by which the rights of the parties are determined and adjudged, and not to the time when such judgment is perfected by being entered of record. The rights of the parties were here fully determined and adjudged, when the decree was signed, and the writ of error was brought more than a year from the time of filing the decree, and was too late. The writ must be dismissed.